United States District Court
Southern District of Texas
**ENTERED**
October 21, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL CARDORA ROBERSON, (TDCJ-CID #02167695) | § § § | |
| Plaintiff, | § § § | |
| vs. | § § | CIVIL ACTION H-20-3293 |
| ASSISTANT WARDEN BRANDLEY K. HUTCHISON, et al., | § § § § | |
| Defendants. | § § | |

**MEMORANDUM ON DISMISSAL**

Michael Cardora Roberson, an inmate of the Texas Department of Criminal Justice -- Correctional Institutions Division ("TDCJ-CID"), sued in September 2020, alleging civil rights violations resulting from an excessive use of force and a failure to protect his safety. Roberson, proceeding pro se, sues ten prison officials at the Ferguson Unit.

The threshold issue is whether Roberson's claims should be dismissed as barred by the three-strikes provision of 28 U.S.C. § 1915(g).

**I.    Roberson's Allegations**

Roberson states that while at the Ferguson Unit he told Warden Hutchison on June 6, 2019 that he was in danger and wanted to be transferred. Warden Hutchison said he could not transfer Roberson without proof of a threat against his life. Later that day, officers used a chemical agent to force Roberson to exit his cell, so he could be transferred to a different cell block.

Roberson asserts that on June 8, 2019, a fellow inmate assaulted him in the recreation yard. Roberson complains that the defendants failed to protect his safety. He further asserts that medical personnel were deliberately indifferent to his serious medical needs. Roberson states that on June 17, 2019, he was transferred to the Robertson Unit.

Roberson was later transferred to the McConnell Unit. Roberson complains that inmates at the McConnell Unit have threatened to rape him. They have also threatened to kill his mother and sister.

Roberson seeks compensatory damages of $150,000 and $1,000 in punitive damages from each defendant. He seeks a declaratory judgment that the defendants are violating his civil rights. He further seeks to enjoin the defendants from harassing him and denying him medical care.

**II.    Analysis**

A prisoner is not allowed to bring a civil action in forma pauperis in federal court if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

A national prisoner index shows that Roberson has filed at least twenty-nine civil rights suits since May 2018. The Southern and Eastern Districts of Texas have previously dismissed at least three of his suits as malicious or frivolous. *See Roberson v. Hutchison*, 4:20-CV-1406 (S.D. Tex.) (dismissed as malicious in April 2020); *Roberson v. Morgan*, 4:20-CV-1325 (S.D. Tex.) (dismissed as malicious in April 2020); and *Roberson v. McCann*, 6:18-CV-0465 (E.D. Tex.) (dismissed as frivolous in June 2019).

Roberson asserts that the imminent-danger exception applies. (Docket Entry No. 1, p. 1).

The Fifth Circuit holds that the plaintiff must show "imminent danger at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP." *Banos v. O'Guin,* 144 F.3d 883, 884 (5th Cir. 1998); accord *Choyce v. Dominguez,* 160 F.3d 1068, 1070 (5th Cir. 1998). The threat of harm must be "real and proximate." *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003) (citations omitted). Conclusory allegations are insufficient to carry that burden. *Smith v. Blount,* 258 F. App'x 630, 630 (5th Cir. 2007) (unpublished). Established Fifth Circuit precedent requires that civil rights claimants must state specific facts, not conclusory allegations. *Brinkmann v. Johnston,* 793 F.2d 111, 113 (5th Cir. 1986); *see also Baker v. Putnal,* 75 F.3d 190, 195 (5th Cir. 1996).

A speculative possibility of danger does not suffice to show Roberson is in imminent danger. To overcome the sanction bar imposed against him, Roberson must show that he is actually in imminent danger at the time that he seeks to file his suit. The Court has reviewed all of the filings in this action. The allegations of imminent danger are conclusory and do not support a finding that he faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Indeed, Roberson complains of an alleged use of excessive force that took place at the Ferguson Unit in June 2019. He filed this complaint in September 2020 while assigned to the McConnell Unit. Roberson states that inmates at the McConnell Unit have threatened to rape him and kill his family members. Roberson does not provide any dates of when these threats were made. Nothing is articulated suggesting that Roberson faced any danger to his person at the McConnell Unit at the time he filed this complaint.

In the present case, Roberson has not alleged, nor does his complaint demonstrate, that he is in imminent danger of serious physical injury. Accordingly, Roberson is barred under 28 U.S.C.

§ 1915(g) from proceeding in forma pauperis in this action.

## III. Conclusion

Roberson's motion to proceed as a pauper, (Docket Entry No. 2), is DENIED. The complaint filed by Michael Cardora Roberson, (TDCJ-CID #02167695), is DISMISSED under 28 U.S.C. § 1915(g).[1] All pending motions are DENIED. Roberson is warned that continued frivolous filings may result in the imposition of sanctions.

The Clerk will provide a copy of this Order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, Fax: 512-936-2159; and

(2) the Manager of the Three-Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, on Oct 21, 2020.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE

---

[1] In *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1998), the Fifth Circuit barred an inmate from proceeding further under the statute, except for cases involving an imminent danger of serious physical injury, and dismissed all of Adepegba's i.f.p. appeals pending in that court. The Fifth Circuit noted that the inmate could resume any claims dismissed under section 1915(g), if he decided to pursue them, under the fee provisions of 28 U.S.C. §§ 1911-14 applicable to everyone else.